# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIS L. GRAYSON, II, | § | |
| | § | |
| Defendant Below, | § | No. 505, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 30500267 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 20, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## <u>O R D E R</u>

This 6th day of March, 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, the appellant's motion to respond to the motion to affirm, the appellant's motion to stay, and the record below, it appears to the Court that:

(1) The appellant, Willis L. Grayson, II, filed this appeal from an August 14, 2014 Superior Court order denying his fifth motion for postconviction relief, his motion for appointment of counsel, and his motion for an evidentiary hearing. After the State filed a motion to affirm, Grayson filed a motion to respond to the State's motion to affirm. On February 20, 2015, Grayson filed a motion to stay the proceedings.

(2)    Although titled a motion to stay, the February 20, 2015 motion is actually a request for preparation of transcripts. Grayson claims to have learned new information concerning the transcripts of his mistrial and subsequent retrial and asks this Court to order preparation of complete transcripts, presumably at State expense. This request is based on Grayson's claim, which he has unsuccessfully raised multiple times since his convictions,[1] that the Superior Court imposed certain conditions in the mistrial for a retrial (including reindictment) that were not fulfilled and that a complete transcript of the mistrial would reflect those conditions. The transcript of the mistrial ruling and the mistrial order do not reflect any conditions imposed upon Grayson's retrial. We have considered Grayson's claims and find no basis for staying these proceedings or ordering preparation of complete transcripts of Grayson's mistrial and retrial at State expense.

(3)    As to this appeal, we find it manifest that the denial of Grayson's fifth motion for postconviction relief and his motion for an evidentiary hearing should be affirmed on the basis of the Superior Court's well-reasoned order dated August 14, 2014.[2] The Superior Court did not err in concluding that Grayson's fifth motion for postconviction relief was procedurally barred under Superior Court

---

[1] *See, e.g., State v. Grayson*, 2011 WL 285599, at *3-4 (Del. Super. Ct. Jan. 18, 2011), *aff'd*, 2011 WL 3652475 (Del. Aug. 18, 2011); *State v. Grayson*, 2007 WL 1064451, at *1 (Del. Apr. 9, 2007), *aff'd*, 2008 WL 187934 (Del. Jan. 7, 2008).

[2] *State v. Grayson*, 2014 WL 4058485 (Del. Super. Ct. Aug. 14, 2014).

Criminal Rule 61 ("Rule 61") and that Grayson had failed to overcome the procedural hurdles.

(4) We also conclude that the Superior Court did not err in denying Grayson's motion for appointment of counsel. Grayson's reliance on *Holmes v. State*[3] and amendments to Rule 61(e)(1)[4] to argue that he had a right to counsel is misplaced. In *Holmes*, we held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding.[5] We did not hold that amended Rule 61(e)(1) created a retroactive right to counsel for indigent defendants pursuing subsequent motions for postconviction relief. Amended Rule 61(e)(1) only applied to postconviction motions filed on or after May 6, 2013 and was not made retroactive.[6] Given that this is Grayson's fifth motion for postconviction relief, *Holmes* and amended Rule 61(e)(1) are simply not applicable here. The Superior Court's conclusion that

---

[3] 2013 WL 2297072 (Del. May 23, 2013).

[4] In May 2013, Rule 61(e)(1) was amended to provide that the Superior Court would appoint counsel for an indigent movant's first postconviction proceeding. Rule 61(e)(1) has been further amended since May 2013, but those amendments are not relevant here.

[5] 2013 WL 2297072, at *1.

[6] *Cook v. State*, 2014 WL 2949413, at *1 (Del. June 26, 2014); *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013).

3

Grayson failed to establish good cause for appointment of counsel under Rule 61(e)(1)[7] was not erroneous.

(5) Grayson's motion to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

_____
Justice

---

[7] Super. Ct. Crim. R. 61(e)(1) ("For an indigent movant's second or subsequent postconviction proceedings, the court will appoint counsel only in the exercise of discretion and for good cause shown.").